IN THE UNITED STATES
DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: Search Warrants Executed on Nicholas Kyle Martino, et al | Cause No: TBD<br>Related Actions:<br>22-MJ-17053, 22-MJ-17054,<br>22-MJ-17055, 22-MJ-17056,<br>22-MJ-17057, 22-MJ-17058 |

MEMORANDUM OF LAW IN SUPPORT OF
PETITION TO UNSEAL BY PETITIONER

I. Introduction

Paragraphs 1 through 35 of the Petition are incorporated by reference.

This Petition has been filed in pro per and must be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972). See also Erickson v. Pardus, 551 U.S. 89, 94, 127 (2007)("A document filed pro se must be liberally construed."(internal quotations omitted)) and Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 265 (3d Cir. 2011)("Pro se filings, such as [Plaintiff's], must be liberally construed.")

On August 25, 2022, a Magistrate sitting in this District approved six search warrants for two residences, three vehicles, and the person of Petitioner. The warrants stem from multiple

federal criminal investigations against Petitioner and other individuals. The warrants were executed on August 29, 2022 by at least 31 federal agents. Petitioner was provided the AO 93C forms of the warrants but not either attachments to the six warrants: the different Applications and Affidavits. Eight months has passed since the execution of the warrants, all the attachments remain under seal, and Petitioner has not been charged in connection with the searches. The Government refuses to disclose the attachments or the nature of the investigation. Petitioner is being denied his common-law and constitutional rights of access to the search warrant applications and probable cause affidavits. Petitioner is also unable to file a motion for replevin for the return of property seized within, or outside, the scopes of the warrants, and is also unable to challenge the validity of the probable cause established. This Petition follows.

<u>II</u>. Petitioner has a right-of-access

Petitioner is a member of the public and enjoys a First Amendment right-of-access to court documents. See <u>Brown v. Advantage Engineering</u>, 960 F.2d 1013, 1015-16 (11th Cir. 1992) (applying the First Amendment "compelling interest" standard to determine whether the petitioner had a right-of-access to sealed documents); see also <u>In re Four Search Warrants</u>, 945

2

F. Supp. 1563, 1565-66 (N.D. Ga. 1996) (providing an overview of Eleventh Circuit case law on the issue of access to judicial documents). The Eigth Circuit has found a First Amendment right of access to search-warrant materials at the pre-indictment stage. In re Search Warrant for Secretarial Area-Gunn, 855 F.2d 569, 572-74 (8th Cir. 1988).

Other courts have held that the common-law right to inspect judicial records applies where the record at issue is a sealed search-warrant affidavit. See In re Four Search Warrants, 945 F. Supp. at 1567 ("this court does find that the common law right to inspect and copy judicial records and documents applies [to sealed search warrant affidavits].") See also In re Macon Telegraph, 900 F. Supp. 489 (M.D. Ga. 1995).

Additionally, because Petitioner is the subject of the warrants, his Fourth Amendment right of access to the sealed documents controls, even at the pre-indictment stage. In re Search Warrants Issued on April 26, 2004, 353 F. Supp. 2d at 591 (affirming the magistrate's order and recognizing "a search subject's pre-indictment Fourth Amendment right to inspect the probable cause affidavit."); In re Search Warrant for 2934 Anderson Morris Rd, 48 F. Supp. 2d 1082, 1083 (N.D. Ohio 1999) ("Generally, a person whose property has been seized pursuant to a search warrant has a right under the Warrant Clause of

the Fourth Amendment to inspect and copy the affidavit upon which the warrant was issued."); See also *In re Searches and Seizures*, 2008 U.S. Dist. LEXIS 107087 (E.D. Ca. 2008) (collecting cases holding the same).

Courts in the Third Circuit do not appear to have issued opinions on the Fourth Amendment right-of-access claim for pre-indictment disclosure of search warrant materials.

### III. Government's need to keep the materials sealed

The Government must establish a compelling governmental interest in keeping the materials under seal, and the Government must show that no less-restrictive means (such as redaction) are available to release the materials.

Petitioner concedes that the investigation that underlies the requested materials is ongoing. Yet, in this exact context, at least two Courts have found that "disclosure should not be postponed indefinitely" if no indictment is forthcoming soon after the executions of the warrants. *In re Search Warrant*, 1995 U.S. Dist. LEXIS 9475 (S.D.N.Y. 1995) (quoting *In re Searches of Semtex Corp.*, 876 F. Supp. 426 (E.D.N.Y. 1995)). Over eight months have elapsed since the execution of the warrants, so the Government's need to keep the information in the sought materials secret from Petitioner has largely

4

waned. No charges against Petitioner appear to be forthcoming, and the Government cannot maintain an interest in keeping the materials secret in that regard.

Disclosure of the documents with redactions is a less-restrictive way of releasing the documents while still maintaining the Government's interest in keeping certain information, such as identities of its informants, secret. This method of release would balance Petitioner's right-of-access alongside compelling governmental interests in keeping certain information contained in the documents secret.

IV. Conclusion

Accordingly, Petitioner has shown his common-law, and First and Fourth Amendment rights-of-access to the six search warrant applications and probable cause affidavits outweighs any governmental interest in keeping them fully sealed. To the extent needed, the documents must be released with redactions.

Submitted,

Nicholas Martino,

in pro per