

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

PHILIP R. SELLINGER
*United States Attorney*

ANDREW B. JOHNS
*Assistant United States Attorney*

CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE    (856) 757-5026
401 Market Street, 4th Floor                           Fax: (856) 968-4917
Post Office Box 2098                          Direct Dial: (856) 757-5137
Camden NJ  08101

March 4, 2024

**Via CM/ECF**

The Honorable Sharon A. King
United States Magistrate Judge
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

   Re: *Martino v. United States*, Misc. No. 23-11 (NLH-SAK)

Dear Judge King:

   Please accept this letter brief as the Government's response to Petitioner Nicholas Martino's Motion for Relief from Judgment. ECF 19 ("Pet. Mot."). Martino's moving papers fail to establish that he is entitled to the relief sought. His motion should be denied.

   Martino's motion is brought under Fed. R. Civ. P. 60(b) and the common law. Pet. Mot. at 2. Rule 60(b) "provides an exception to finality that allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269-270 (2010) (internal quotation marks and citations omitted). In this instance, Martino is invoking two Rule 60(b) exceptions: (1) that he is entitled to relief due to "mistake, inadvertence, surprise, or excusable neglect," and (2) "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) and (6); Pet. Mot. at 2.

   Rule 60(b), which authorizes the court to relieve a party from final judgment for mistake, inadvertence, surprise, excusable neglect, or any other reason justifying relief from operation of judgment, must be given liberal construction. *Diversified Utilities Sales, Inc. v. Monte Fusco Excavating Contracting Co., Inc.*, 71 F.R.D. 661, 665 (E.D. Pa. 1976). In determining whether to grant relief from judgment for mistake, inadvertence, surprise, or excusable neglect, court must consider the four-factor *Pioneer* test: (1) danger of prejudice to non-moving party, (2) length of delay and its potential impact on judicial proceedings, (3) reason for delay, including whether it was within reasonable control of movant, and (4) whether moving party's conduct was in good faith. *In re PG&E Corporation*, 651 B.R. 448, 452 (N.D. Ca. 2023) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 50 U.S. 380, 395 (1993)). A Rule 60(b) motion "cannot be used to relitigate the

merits of a district court's prior judgment in lieu of a timely appeal." *In re SDDS, Inc.*, 225 F.3d 970, 972 (8th Cir. 2000); *see also Swam v. United States*, 327 F.2d 431 (7th Cir. 1964); *St. Paul Fire and Marine Ins. Co. v. Lago Canyon, Inc.*, 666 F. Supp. 2d 1341 (S.D. Fl. 2009); *Selkridge v. United of Omaha Life Ins. Co.*, 237 F.Supp.2d 600 (D.V.I. 2002). The catch-all provision of Rule 60(b)(6) allowing relief for "any other reason that justifies relief," is available only when the rule's other grounds for relief are inapplicable, and even then, extraordinary circumstances must justify reopening the judgement and granting relief. *Kemp v. United States*, 596 U.S. 528, 533 (2022).

A motion for reconsideration is used to "correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). The party seeking reconsideration must demonstrate one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Martino's motion does not satisfy, nor even address, *Pioneer's* four-factor test. Martino apparently misapprehends that the mistake referred to in Rule 60(b)(2) is that of the party against whom the judgment has been entered, not a mistake of law by the Court. This is evidenced by Martino's arguments, which simply dispute the Court's legal analysis in denying his petition for unsealing the global search warrant affidavit. Martino's arguments include:

1. The Court should not have considered the historical role of the secrecy of grand jury proceedings when balancing the common law right of access to the need for sealing the search warrant affidavits. Pet. Mot. at 3-6; *see also* Court's Opinion and Order Denying Petition to Unseal ("Opinion"), ECF 18 at 7-9.
2. Unfounded speculation as to the contents of the sealed global affidavit, the naming of an individual who Martino suspects was interviewed as a witness by the FBI, and baseless accusations of misconduct against an FBI Special Agent. Pet. Mot. at 6-7.
3. The Court erred in failing to find the unsealing of the indictment in *United States v. John Erin Binns*, 2:22-cr-00004-LK (W.D. Wash.) relevant to this matter. Pet. Mot. at 7-9; *see also* Opinion at 1, n. 2.
4. The Court erred in failing to require the Government to provide additional information, beyond the information contained in its briefs. Pet. Mot. 9.

None of these arguments even attempt to address the four-factor *Pioneer* test for relief from the judgment under Rule 60(b)(1), much less demonstrate that the requirements of the test actually are met. Additionally, none of these arguments justify relief under Rule 60(b)(6)'s catch-all provision, all falling well short of the

extraordinary circumstances necessary to invoke the provision. Finally, all of these arguments fail to satisfy any of the grounds for granting a motion for reconsideration.

      For the reasons stated above, Martino's Motion for Relief from Judgment should be denied.

Sincerely yours,

PHILIP R. SELLINGER
United States Attorney

By: *[signature]*
ANDREW B. JOHNS
Assistant United States Attorney

cc: Nicholas Martino *(via email)*

3