**[ECF No. 19]**

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **NICHOLAS KYLE MARTINO,**<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | Civil No. 23-mc-11 (ESK/SAK) |

## ORDER

This matter comes before the Court on the Motion for Relief from Judgment [ECF No. 19] filed by Petitioner Nicholas Kyle Martino ("Petitioner" or "Martino"). Petitioner's motion seeks, *inter alia*, relief from the Court's February 9, 2024 Memorandum Opinion and Order denying his petition to unseal search warrant materials [ECF No. 18] ("Petition Order"). The Court received the opposition of the Government [ECF No. 20]. The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons that follow, Petitioner's motion is **DENIED**.

Since the parties are familiar with the instant action, the Court incorporates by reference the summary of its factual background and procedural history set forth in *United States v. Martino*, 2024 WL 531658, at *1–2 (D.N.J. Feb. 9, 2024). By way of a brief background, the instant action arises out of a petition that Martino filed seeking an order to unseal six search warrant applications, a global affidavit, and related materials. *See* ECF No. 1. On February 9, 2024, the Court denied the petition and directed the Clerk to mark the matter as closed. *See* Pet. Order at 11.

Martino now moves for relief from the Petition Order pursuant to Federal Rule of Civil Procedure 60(b) and the common law. Specifically, Martino invokes two provisions of Rule 60(b): entitlement to relief due to "mistake, inadvertence, surprise, or excusable neglect," and "any other reason that justifies relief." FED. R. CIV. P. 60(b)(1), (6); *see* Mot. at 2. In sum, Martino alleges that the Court erred by committing a clear error of law, failing to consider certain information, and not soliciting an update from the Government prior to denying his request. *See* Mot. at 3–9.

The Government opposes the motion. In particular, the Government contends that Martino fails to satisfy, let alone address, the applicable test governing his motion. *See* Opp'n at 2. Instead, it characterizes Martino's arguments as mere disputes with the Court's legal analysis in denying his petition. *See id.* Thus, the Government maintains that Martino's motion must be denied.

Rule 60(b) reads in relevant part as follows:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1), (6). "Rule 60(b) motions are left to the sound discretion of the trial court." *Rastelli Partners, LLC v. Baker*, No. 23-2967, 2024 WL 960485, at *3 (D.N.J. Mar. 6, 2024) (citation omitted). Rule 60(b) motions may only be granted in "extraordinary circumstances," and may not be used as vehicles to relitigate "issues that the court has already considered and decided." *Id.* (quoting *Weber v. Pierce*, 186 F. Supp. 3d 324, 328 (D. Del. 2016)).

In determining whether to grant relief pursuant to Rule 60(b)(1), "courts consider: (1) 'the danger of prejudice,' (2) 'the length of the delay and its potential impact on judicial proceedings,' (3) 'the reason for the delay, including whether it was within the reasonable control of the movant,' and (4) 'whether the movant acted in good faith.'" *Doe v. 9197-5904 Quebec, Inc.*, 727 F. App'x 737, 739 (3d Cir. 2018) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507

U.S. 380, 395 (1993)).  In other words, Rule 60(b)(1) concerns judgments or orders resulting from the "mistake, inadvertence, surprise, or excusable neglect" of the party against whom the judgment or order has been entered.  It does not concern any activity or inaction of a court.

"Rule 60(b)(6) is a catch-all provision that authorizes a court to grant relief from a final judgment for 'any . . . reason' other than those listed elsewhere in the Rule." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014).  "[C]ourts are to dispense their broad powers under 60(b)(6) only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" *Id.* (citation omitted).  Notably, relief under Rule 60(b)(6) is only available if the other grounds for relief are inapplicable. *See Kemp v. United States*, 596 U.S. 528, 533 (2022) ("This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable.").

Here, the Court finds that Martino's motion fails to satisfy any of the requisite grounds for the relief requested therein.  In fact, Martino fails to address any of the applicable considerations.  He also misapprehends that the "mistake, inadvertence, surprise, or excusable neglect" referred to in Rule 60(b)(1) is that of the movant—*i.e.*, Martino himself.  He does not allege the Petition Order resulted from any mistake, inadvertence, surprise, or excusable neglect attributable to himself.  Nor does he allege any other basis for relief from the Petition Order, but for his disagreement with the legal analysis therein.  Accordingly, because Martino fails to raise a cognizable basis for relief under Rule 60(b)(1), he is unable to avail himself of any such relief under Rule 60(b)(6).

Even if the Court construes Martino's motion as a motion for reconsideration, it still fails.  Local Civil Rule 7.1 allows for reconsideration of matters or controlling decisions "which a party believes the Judge has overlooked." L. Civ. R. 7.1(i).  However, "[t]he standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski*, Civ. No. 10-5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012).  Likewise, "[s]uch motions 'may not be used to

3

relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Stetser v. Jinks*, No. 10-3094, 2013 WL 5532764, at *1 (D.N.J. Oct. 3, 2013), *aff'd*, 572 F. App'x 85 (3d Cir. 2014) (citation omitted). A motion for reconsideration "may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice." *Id.* (citing *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

Here, Martino does not allege an intervening change in the controlling law or availability of new evidence. To the extent that he argues it is necessary to correct a clear error of law or fact, Martino's logic is misplaced. Martino primarily relies upon criminal rules and other inapplicable, cherry-picked authorities in support of his perceived grievances with the Court's legal analysis. He also conflates his opinions with facts and fails to demonstrate any clear error in this respect. At best, Martino's motion amounts to an effort to relitigate issues that the Court already considered and decided based on his perceived disagreements with the Petition Order.

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **11th** day of **April**, **2024**, that Petitioner's Motion for Relief from Judgment [ECF No. 19] is **DENIED**; and it is further

**ORDERED** that the Clerk's Office shall forward a copy of this Order to Petitioner *via* regular mail and shall enter a notation on the docket indicating the date upon which this Order was forwarded to Petitioner *via* regular mail.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc:  Hon. Edward S. Kiel, U.S.D.J.